**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MICHAEL DENARD WHITFIELD, ) | |
| ID # 613712, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:11-CV-2637-N (BH) |
| ) | |
| RICK THALER, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute.

**I. BACKGROUND**

On September 30, 2011, petitioner filed his *Petition for Street Time* in his civil rights action under 42 U.S.C. § 1983.[1] (See No. 3:11-CV-2037, doc. 9.) The petition was construed as a request for habeas corpus relief under 28 U.S.C. § 2254 and opened as a new civil case. On October 11, 2011, the Court issued a Notice of Deficiency and Order ("NOD") in the new case notifying petitioner that he was required to either pay the filing fee or submitted a motion to proceed *in forma pauperis* ("IFP"), and that he must file his habeas petition on the proper form. He was ordered to either pay the fee or file an IFP motion and to file his petition on the proper form within thirty days. The order was mailed to the address he provided at the Texas Department of Criminal Justice ("TDCJ"), the Gurney Unit. On October 25, 2011, the notice was returned as undeliverable with

---

[1] The standard § 1983 form used by petitioner specifically advised him that he was required to notify the Court of any change of address.

a handwritten notation on the envelope of "Discharged". The TDCJ website does not reflect that petitioner is currently an inmate.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner failed to provide any notice of his change in address, and an order of the Court has been returned as undeliverable. Because he has provided no means for the Court to contact him, he has not shown that he intends to proceed with this action, and it should therefore be dismissed without prejudice for failure to prosecute.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute.

**SIGNED this 26th day of October, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE